Megan J. Crowhurst, Bar No. 132311
mcrowhurst@littler.com
Joseph M. Cooper, Bar No. 195169
jcooper@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Telephone: 503.221.0309
Fax No.: 503.242.2457

Attorneys for Defendants, GE Vernova Inc., GE Vernova International LLC, and General Electric Company

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SEAN A. MAUZE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GE VERNOVA INC., a Foreign Business Corporation; GE VERNOVA INTERNATIONAL LLC, a Foreign Limited Liability Corporation; and GENERAL ELECTRIC COMPANY, a Foreign Business Corporation,<br><br>Defendants. | Case No. 6:24-cv-01800-MC<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM |

Defendants GE Vernova Inc., GE Vernova International LLC, and General Electric Company ("Defendants")[1] submit this Answer, Affirmative Defenses, and Counterclaim to the

[1] Defendants collectively file this Answer and Counterclaim; however, only Defendant GE Vernova International LLC was Plaintiff's employer at the time his employment ended. Accordingly, neither General Electric Company nor GE Vernova Inc. are proper parties to this lawsuit. *See* ECF No.13, Defs.' FRCP 7.1 and LR 7.1-1 Corporate Disclosure Statement.

First Amended Complaint filed by Plaintiff Sean A. Mauze ("Plaintiff") on May 19, 2025 as follows:

**JURISDICTION**

1. In response to Plaintiff's allegation in Paragraph 1 that "events alleged below forced Plaintiff to relocate," Defendants deny any allegation of improper action by Defendants and incorporate their responses to Plaintiff's allegations as set forth in Paragraphs 2-90 herein. Answering further, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and therefore deny them.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. In response to Paragraph 4, Defendants admit that Defendant General Electric Company, now doing business as GE Aerospace, is a corporation and its principal place of business is in Cincinnati, Ohio.

5. Defendants admit the allegations in Paragraph 5.

**THE RENEWABLE WIND ENERGY INDUSTRY**

6. In response to the allegations in Paragraph 6, Defendants are without knowledge or information sufficient to form a belief as to the truth of the vague allegations and therefore deny them.

7. Defendants deny the allegations in Paragraph 7.

8. In response to the allegations in Paragraph 8, Defendants admit that, in April 2024, the power, energy, and digital companies previously part of General Electric Company were spun off to form GE Vernova Inc., the parent company of GE Vernova International LLC. Answering further, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

Plaintiff became an employee of GE Vernova International LLC. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC deny the remaining allegations in Paragraph 8. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 8 regarding the entity that employed Plaintiff and therefore denies them. Answering further, Defendant General Electric Company denies the remaining allegations in Paragraph 8.

9. In response to the allegations in Paragraph 9, Defendants admit Plaintiff refers to General Electric Company, GE Vernova Inc., and GE Vernova International LLC collectively as "GE" throughout the Amended Complaint. The remaining allegations in Paragraph 9 constitute legal conclusions and/or recitations of law which do not require an answer. To the extent an answer is required, Defendants deny the remaining allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. In response to the allegations in Paragraph 13, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that wind energy is produced by wind and turbines with three rotary blades may be used to harness wind. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. In response to the allegations in Paragraph 16, Defendants GE Vernova Inc. and GE Vernova International LLC admit that it is not unusual within the wind industry for blades to



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

require replacement or repair from time to time for a range of reasons. Answering further, Defendants GE Vernova Inc. and GE Vernova International Inc. deny the remaining allegations in Paragraph 16. Defendant General Electric Company denies the allegations in Paragraph 16.

17. In response to the allegations in Paragraph 17, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that GE Vernova Inc. through its subsidiaries, including GE Vernova International LLC (formerly known as General Electric International, Inc.), enters into contracts with the owners of wind energy facilities (which may be called wind farms) to operate and maintain the facilities, and these contracts may be referred to as O&M contracts. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC deny the remaining allegations in Paragraph 17. Defendant General Electric Company denies the allegations in Paragraph 17 insofar as "GE" refers to General Electric Company, and Defendant General Electric Company is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18. In response to the allegations in Paragraph 18 of the Complaint, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that GE Vernova Inc. through its subsidiaries, including GE Vernova International LLC (formerly known as General Electric International, Inc.), has O&M contracts for wind farms in multiple locations in the United States, including but not limited to wind farms located in The Dalles, Oregon area. Answering further, Defendants GE Vernova Inc. and GE Vernova International LLC admit that during Plaintiff's first two years following his hire as a technician for GE Renewable Energy in 2017, Plaintiff worked on wind farms in Oregon and elsewhere. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore deny them. Defendant General Electric



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

Company denies the allegations in Paragraph 18 insofar as "GE" refers to General Electric Company, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. In response to the allegations in Paragraph 19, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that, for various reasons, component parts of wind turbines may need to be replaced. Defendants GE Vernova Inc. and GE Vernova International LLC admit that the technical work of replacing component parts, including turbine blades, is referred to by GE Vernova Inc. and GE Vernova International LLC as "Major Components Upgrades" and was previously referred to by GE Vernova Inc. and GE Vernova International LLC as "Major Components Exchange" or "MCE" (hereinafter for this Answer, "MCE"). Defendants GE Vernova Inc. and GE Vernova International LLC are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore deny them. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20. In response to the allegations in Paragraph 20, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that GE Vernova Inc. through its subsidiaries, including GE Vernova International LLC, has the authority to subcontract work performed under O&M contracts. Answering further, Defendants GE Vernova Inc. and GE Vernova International LLC are without knowledge or information sufficient to form a belief as to the truth of the vague terms and characterizations set forth by Plaintiff and therefore deny the remaining allegations in Paragraph 20. Defendant General Electric Company denies the allegations in Paragraph 20 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies them.

21. In response to the allegations in Paragraph 21, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that employees who perform MCE work receive training and technical education including but not limited to training related to Lock-Out/Tag-Out and how to safely deenergize a wind turbine, followed by field verification that includes certification. Defendants GE Vernova Inc. and GE Vernova International LLC deny the remaining allegations in Paragraph 21. Defendant General Electric Company denies the allegations in Paragraph 21 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies them.

**PLAINTIFF'S EMPLOYMENT**

22. In response to the allegations in Paragraph 22, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit Plaintiff was hired to work as a GE Renewable Energy technician in 2017, and his employment with Defendant GE Vernova International LLC ended effective May 1, 2024. Answering further, Defendants GE Vernova Inc. and GE Vernova International LLC state, upon information and reasonable belief, that Plaintiff was employed by an uncontrolled GE affiliate between 2010 and 2017. Defendants GE Vernova Inc. and GE Vernova International LLC deny the remaining allegations in Paragraph 22. Defendant General Electric Company denies the allegations in Paragraph 22 insofar as the reference to "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies them.



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

23. In response to the allegations in Paragraph 23, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that Plaintiff specialized in MCE work during the course of his employment between 2017 and May 2024, was promoted to a team lead in or around 2018 and a Field Engineer in or around 2021, and received training related to replacement of wind turbine components and training and certification related to Lock-out/Tag-out. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC deny the remaining allegations in Paragraph 23. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24. In response to the allegations in Paragraph 24, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that GE Vernova International LLC employs over 15,000 persons in its wind renewables business, GE Vernova International LLC has approximately 25 teams of employees who perform MCE work in the wind renewables business, each of these teams includes approximately 5-8 technicians who support the MCE work, and on average a total of approximately 125-200 GE Vernova International LLC employees are devoted to MCE work. Defendants GE Vernova Inc. and GE Vernova International LLC deny the remaining allegations of Paragraph 24. Defendant General Electric Company denies the allegations in Paragraph 24 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies them.

25. In response to the allegations in Paragraph 25, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit Plaintiff's personnel records listed a home address in Lincoln City, Oregon, and Plaintiff was assigned to perform MCE work at wind farms



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

in various states and provided with a company truck. Answering further, Defendants GE Vernova Inc. and GE Vernova International LLC state that Plaintiff performed the majority of his work at wind farms and Plaintiff on occasion performed incidental administrative work tasks from home when not working at wind farms. Except as admitted, Defendants GE Vernova Inc. and GE Vernova International LLC lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 and therefore deny them. Defendant General Electric Company denies the allegations in Paragraph 25 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies them.

26. In response to the allegations in Paragraph 26, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that during the time period of Plaintiff's employment between 2017 and May 2024, Plaintiff at times received positive recognition for his work. GE Vernova Inc. and GE Vernova International LLC deny the remaining allegations in Paragraph 26. Defendant General Electric Company denies the allegations in Paragraph 26 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore denies them.

**BORDER LANDS**

27. In response to the allegations in Paragraph 27, Defendant GE Vernova Inc. and GE Vernova International LLC admit there is a wind farm in New Mexico known as Borderlands. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 27 and therefore denies them.



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

28. In response to the allegations in Paragraph 28, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that GE Vernova Inc. through its subsidiaries, including GE Vernova International LLC, performed warranty MCE work at the Borderlands Wind Project and that it was determined that LM Wind blades on the 3.0.140 fleet would be replaced. Defendants GE Vernova Inc. and GE Vernova International LLC deny the remaining allegations in Paragraph 28. Defendant General Electric Company denies the allegations in Paragraph 28 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and therefore denies them.

29. In response to the allegations in Paragraph 29, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit Plaintiff was assigned to perform MCE work at the Borderlands Wind Project in New Mexico in March 2024, and that he was assigned as a team lead. Defendants GE Vernova Inc. and GE Vernova International LLC lack knowledge or information sufficient to form a belief as to the truth of where Plaintiff was at the time he received the assignment, and therefore, deny Plaintiff's allegations regarding same. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC deny the remaining allegations in Paragraph 29. Defendant General Electric Company denies the allegations in Paragraph 29 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to firm a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies them.

## THE SBI TOOL

30. In response to the allegations in Paragraph 30, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC are without knowledge or information sufficient to form



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

a belief as to the truth of the vague allegations regarding "industry standards" and "costly" crane usage, and therefore deny the allegations in Paragraph 30. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

31. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that an SBI Tool was utilized at the Borderlands Wind Project. Answering further, Defendants GE Vernova Inc. and GE Vernova International LLC deny the remaining allegations in Paragraph 31. Defendant General Electric Company denies the allegations in Paragraph 31 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and therefore denies them.

32. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit the allegations in the first sentence of Paragraph 32 and deny the remaining allegations in Paragraph 32. Defendant General Electric Company denies the allegations in Paragraph 32 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33. In response to the allegations in Paragraph 33, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit upon information and belief that Plaintiff and his team had not previously used the SBI Tool but deny the remaining allegations in Paragraph 33. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies them.



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

34. In response to the allegations in Paragraph 34, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that Plaintiff and his team received training on the SBI tool and that at one point guidance was provided regarding pressure that was subsequently determined to be outdated and thereafter revised. Defendants GE Vernova Inc. and GE Vernova International Inc. otherwise deny the remaining allegations in Paragraph 34. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies them.

35. In response to the allegations in Paragraph 35, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that Plaintiff reported to management certain conditions related to the SBI tool, including use of zip ties and second remote connection issues. Based on reasonable review and inquiry, Defendants GE Vernova Inc. and GE Vernova International Inc. have no record of Plaintiff reporting the other conditions alleged in Paragraph 35 and therefore Defendants GE Vernova Inc. and GE Vernova International Inc. deny these allegations. Defendants GE Vernova Inc. and GE Vernova International Inc. deny the remaining allegations in Paragraph 35. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

## THE DANGLING BLADE INCIDENT

36. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit the allegations in Paragraph 36. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

37. In response to the allegations in Paragraph 37, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit that as a result of Plaintiff's failure to follow Lock-Out/Tag-Out procedure, a blade cracked while Plaintiff and his team were in the process of deinstalling it for replacement, admit the remaining allegations in the first sentence of Paragraph 37, and admit that Plaintiff halted work and notified senior managers of the incident. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them.

38. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC, based on reasonable inquiry and good faith belief, have no record of the allegations in Paragraph 38 and therefore deny them. Defendant General Electric Company denies the allegations in Paragraph 38 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38, and therefore denies them.

39. In response to the allegations in Paragraph 39, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit Plaintiff remained on-site at the Borderlands wind farm to complete MCE work following the March 9, 2024 incident; that some of that work involved wind turbine blade deinstallation using two cranes; and that one of the other blades cracked in a different location. Defendants GE Vernova Inc. and GE Vernova International Inc. deny the remaining allegations in Paragraph 39. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40. In response to the allegations in Paragraph 40, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit Plaintiff remained onsite until completion of the



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

project, engaged in multiple meetings with his superiors, and offered various explanations for the blades cracking. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC deny the remaining allegations in Paragraph 40. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies them.

41. In response to the allegations in Paragraph 41, Defendants GE Vernova Inc. and GE Vernova International LLC state that it is not unusual within the wind industry for blades to require replacement or repair from time to time for a range of reasons. Defendants GE Vernova Inc. and GE Vernova International Inc. deny the remaining allegations in Paragraph 41. Defendant General Electric Company is without knowledge or information sufficient to form as belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

**PLAINTIFF'S TERMINATION**

42. In response to the allegations in Paragraph 42, Defendant GE Vernova Inc. and Defendant GE Vernova International Inc. admit that Plaintiff received notice from Human Resources for GE Vernova International LLC on or about April 19, 2024 that the Company was conducting an investigation of the Borderlands incident. Defendants GE Vernova Inc. and GE Vernova International LLC lack knowledge or information sufficient to form a belief about the truth of where Plaintiff was when he received that information. Except as admitted, Defendants GE Vernova Inc. and GE Vernova International LLC deny the allegations in Paragraph 42. Defendant General Electric Company denies the allegations in Paragraph 42 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and therefore denies them.



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

43. In response to the allegations in Paragraph 43, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit Plaintiff met remotely with Senior Human Resources Partner Nicole Moskow ("Moskow") and Clint Lackey on April 19, 2024 to discuss the March 9, 2024 Borderlands incident and a concern that Plaintiff and his team had potentially not performed the Lock-Out/Tag-Out procedure to shut off the auxiliary power supply. Defendants GE Vernova Inc. and GE Vernova International LLC admit that Plaintiff was placed on a paid administrative leave/suspension pending the results of the investigation into the Borderlands incident and deny any allegation the paid leave was disciplinary. Defendants GE Vernova Inc. and GE Vernova International LLC have no record of and therefore deny the allegation regarding Moskow's alleged statement regarding her technical knowledge and further deny any allegation that the investigation failed to include individuals with technical knowledge. Answering further Defendants GE Vernova Inc. and GE Vernova International Inc. deny the remaining allegations in Paragraph 43. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies them.

44. In response to the allegations in Paragraph 44, Defendants GE Vernova Inc. and GE Vernova International LLC admit Plaintiff emailed Moskow on April 21, 2024, about the Borderlands incident, including "issues" Plaintiff had with the SBI Tool. Defendants GE Vernova Inc. and GE Vernova International LLC deny the remaining allegations in Paragraph 44. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

45. In response to the allegations in Paragraph 45, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit Plaintiff emailed Moskow on April 21, 2024



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

about "technical questions as well as the thoughts and concerns that [Plaintiff had] regarding the events" at Borderlands. Defendants GE Vernova Inc. and GE Vernova International LLC admit Plaintiff requested "a response to [his] questions." Defendants GE Vernova Inc. and GE Vernova International LLC deny the remaining allegations in Paragraph 45. Defendant General Electric Company denies the allegations in Paragraph 45 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

46. In response to the allegations in Paragraph 46, Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit Plaintiff received written notice on May 1, 2024 that his employment with Defendant GE Vernova International, LLC was terminated effective May 1, 2024. Defendants GE Vernova Inc. and GE Vernova International LLC lack knowledge or information sufficient to form a belief about whether Plaintiff "remained in Oregon during the pendency of GE's investigation," and therefore deny this allegation and deny any remaining allegations in Paragraph 46. Defendant General Electric Company denies the allegations in Paragraph 46 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies them.

**CES EMPLOYS PLAINTIFF**

47. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC deny the allegations in Paragraph 47. Defendant General Electric Company denies the allegations in Paragraph 47 insofar as "GE" refers to General Electric Company and is without knowledge or



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and therefore denies them.

48. Defendants GE Vernova Inc. and Defendant GE Vernova International LLC lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and therefore deny them. Defendant General Electric Company denies the allegations in Paragraph 48 insofar as "GE" refers to General Electric Company and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 49 and therefore deny them. Answering further, Defendants GE Vernova Inc. and GE Vernova International LLC deny the allegations in the second sentence of Paragraph 49. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

50. Defendant GE Vernova Inc. and GE Vernova International LLC deny the allegations in Paragraph 50. Defendant General Electric Company denies the allegations in Paragraph 50 insofar as "GE" refers to General Electric Company and is without knowledge or information sufficient to form a belief as to the truth of remaining allegations in Paragraph 50 and therefore denies them.

51. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore deny them. Defendant General Electric Company denies the allegations in Paragraph 51 insofar as "GE" refers to General Electric Company and otherwise lacks knowledge



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore denies them.

52. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and therefore deny them. Defendant General Electric Company denies the allegations in Paragraph 52 insofar as "GE" refers to General Electric Company and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and therefore denies them.

53. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and therefore deny them. Defendant General Electric Company denies the allegations in Paragraph 53 insofar as "GE" refers to General Electric Company and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and therefore denies them.

54. Defendants GE Vernova Inc. and GE Vernova International LLC lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and therefore deny them. Defendant General Electric Company denies the allegations in Paragraph 54 insofar as "GE" refers to General Electric Company and otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and therefore denies them.

55. Defendant GE Vernova Inc. and Defendant GE Vernova International LLC admit the allegations in Paragraph 55. Defendant General Electric Company is without knowledge or



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies them.

56. Defendants GE Vernova Inc. and GE Vernova International LLC admit Plaintiff's July 12, 2024 email to Moskow included the language quoted in Paragraph 56. Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies them.

57. In response to the allegations in Paragraph 57, Defendants GE Vernova Inc. and GE Vernova International LLC deny that Plaintiff received no response to the email he sent Moskow on July 12, 2024. Defendants GE Vernova Inc. and GE Vernova International LLC admit Plaintiff emailed Moskow again on July 23, 2024, and that email included the language quoted in Paragraph 57. Defendant General Electric Company denies the allegations in Paragraph 57 insofar as "GE" refers to General Electric Company, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies them.

58. In response to the allegations in Paragraph 58, Defendants GE Vernova and GE Vernova International LLC admit that Moskow replied to Plaintiff via email on August 7, 2024, and that the email included the language quoted in Paragraph 58. Defendant General Electric Company denies the allegations in Paragraph 58 insofar as "GE" refers to General Electric Company and is otherwise without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and therefore denies them.

59. In response to the allegations in Paragraph 59, Defendants GE Vernova Inc. and GE Vernova International LLC admit CES performed MCE work on the project to which Plaintiff had been assigned. Defendants GE Vernova Inc. and GE Vernova International LLC deny the



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

remaining allegations in Paragraph 59. Defendant General Electric Company denies the allegations in Paragraph 59 insofar as "GE" refers to General Electric Company and is without knowledge or information sufficient to form as belief as to the truth of the remaining allegations and therefore denies them.

60. In response to the allegations in Paragraph 60, Defendants GE Vernova Inc. and GE Vernova International LLC lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and therefore deny them. Defendant General Electric Company denies the allegations in Paragraph 60 insofar as "GE" refers to General Electric Company and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 and therefore denies them.

61. Defendants deny the allegation in Paragraph 61 that Plaintiff's "former position" was with "GE" insofar as this alleges he was employed by GE Vernova Inc. or General Electric Company. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61 and therefore deny them.

62. In response to the allegations in Paragraph 62, Defendants deny the allegation that Plaintiff was terminated from "GE." Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and therefore denies them. Defendants GE Vernova Inc. and GE Vernova International LLC admit Plaintiff requested his personnel records following his termination from GE Vernova International LLC, and deny the remaining allegations in Paragraph 62.

63. In response to the allegations in Paragraph 63, Defendants GE Vernova Inc. and GE Vernova International LLC admit that Plaintiff applied for unemployment compensation, and admit upon reasonable information and belief that his claim for unemployment benefits was denied



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

by the Oregon Unemployment Office. Answering further, Defendants GE Vernova Inc. and GE Vernova International LLC deny the remaining allegations in Paragraph 63. Defendant General Electric Company denies the allegations in Paragraph 63 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63.

**FIRST CLAIM FOR RELIEF**

**(Whistleblower Protection)**

64. Defendants filed a FRCP 12(b)(6) Motion to Dismiss Plaintiff's ORS 659A.199 claim, ECF #16, and a FRCP 54(b) Motion to Reconsider Ruling on that claim, ECF #28. The Motion to Reconsider Ruling remains pending before the Court such that Defendants respectfully submit that no response to Paragraphs 64-68 is required. To the extent an answer is required, Defendants incorporate their admissions and denials in Paragraphs 1 through 63 and deny the allegations in Paragraphs 64-68.

**DAMAGES**

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny that Plaintiff is entitled to the economic or non-economic relief requested in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny that Plaintiff is entitled to the economic or non-economic relief requested in Paragraph 75.



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Intentional Interference with Economic Relations)**

76. Defendants incorporate their admissions and denials in Paragraphs 1 through 75 above and as set forth in 83-90 below.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny that Plaintiff is entitled to the economic or non-economic relief requested in the allegations in Paragraph 82.

**<u>THIRD CLAIM FOR RELIEF</u>**

**(Misrepresentation)**

83. In response to Paragraph 83, Defendants incorporate their admissions and denials in Paragraphs 1 through 82 above.

84. In response to the allegations in Paragraph 84, Defendants GE Vernova Inc. and GE Vernova International LLC admit that CES and General Electric International, Inc. (now known as GE Vernova International LLC) were parties to a Master Services Agreement ("MSA") and that the MSA included a provision stating: "Without Company's prior written approval, Supplier shall not use any person to render Services who is not listed on Schedule A and/or who has been employed by the Company less than six (6) months prior to the start date of such person's performance under this MSA." Defendants GE Vernova Inc. and GE Vernova International LLC deny the remaining allegations of Paragraph 84. Defendant General Electric Company denies the



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

allegations of Paragraph 84 insofar as "GE" refers to General Electric Company. Answering further, Defendant General Electric Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and therefore denies them.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny that Plaintiff is entitled to the economic or non-economic relief requested in the allegations, prayer for judgment and relief against Defendants, and Plaintiff's remaining allegations in Paragraph 90.

Except as specifically admitted, Defendants deny each and every remaining allegation contained in Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendants re-allege and incorporate all matters admitted and alleged above, and further allege:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or the equitable principle of laches.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Complaint fails to state one or more claim(s) upon which relief can be granted.



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's claims are barred, in whole or in part, by Defendants' good-faith effort to provide employment free from discrimination, harassment, and retaliation, and to comply with all applicable state and federal laws.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims are barred, in whole or in part, by the legitimate non-discriminatory and non-retaliatory reason(s) for the alleged adverse action(s), which would have resulted in the same action(s) irrespective of any alleged protected activity, or other unlawful consideration.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's common law claims are barred, in whole or in part, to the extent that he possesses an adequate statutory remedy under the law.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to make reasonable efforts to mitigate his damages and/or by successful mitigation.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Under the facts of this case, any imposition of punitive damages or penalty of any kind (including, but not limited to, an award of attorneys' fees) would violate Defendants' constitutional rights, including, but not limited to, equal protection and due process rights under the Fifth and Fourteenth Amendments of the United States Constitution, and Defendants' right to be free from excessive fines under the Eighth Amendment of the United States Constitution.



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims fail to the extent that this Court lacks subject-matter jurisdiction over Plaintiff's claims and personal jurisdiction over Defendants, and is an improper venue for Plaintiff's claims.

**RESERVATION OF RIGHTS**

9. Defendants have not yet completed an exhaustive investigation into or discovery of the allegations, facts, and circumstances of the subject matter of Plaintiff's allegations and, accordingly, Defendants reserve the right to amend, modify, revise, or supplement this Answer and Affirmative Defenses, and to plead such further defenses and affirmative defenses and take such further action as may be deemed proper and necessary in their defense upon the completion of investigation and discovery.

**COUNTERCLAIM**

Pursuant to ORS 659A.885, if Defendants prevail on Plaintiff's statutory claims brought under ORS 659A, Defendants are entitled to their costs and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that this Court:

1. Dismiss the Complaint in its entirety with prejudice;

2. Deny each and every demand, claim, and prayer for relief contained in the Complaint;

3. Award Defendants their reasonable attorneys' fees and costs incurred in defending this action; and

4. Grant such other and further relief as this Court deems just and proper.



LITTLER MENDELSON P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

Dated: June 23, 2025

LITTLER MENDELSON, P.C.

*/s/ Megan J. Crowhurst*

Megan J. Crowhurst, OSB No. 132311
MCrowhurst@littler.com
Joseph M. Cooper, OSB No. 195169
JCooper@littler.com

Attorneys for Defendants, GE Vernova Inc., GE Vernova International LLC, and General Electric Company